**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4828

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT TYRONE RICKETTS,

Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior
District Judge.  (6:08-cr-00667-GRA-1)

Submitted:  August 18, 2010        Decided:  September 9, 2010

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Kevin F. McDonald, Acting United
States Attorney, E. Jean Howard, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Tyrone Ricketts pleaded guilty to one count of possession with intent to distribute and distribution of 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and was sentenced to 70 months imprisonment. Ricketts appeals his sentence. Because the district court committed procedural error during the sentencing proceeding, we vacate Ricketts's sentence and remand for resentencing.[*]

On appeal, Ricketts challenges only the procedural reasonableness of his sentence, arguing that the district court failed to address his non-frivolous request for a sentence outside the advisory Guidelines range. In reviewing any sentence, "whether inside, just outside, or significantly outside the Guidelines range," we apply a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We first "ensure that the district court committed no significant procedural error." Id. at 51. "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51).

---

[*] Ricketts has not challenged the integrity of his conviction. Accordingly, that portion of the judgment is affirmed.

2

Procedural errors may include "failing to adequately explain the chosen sentence — ncluding an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. A district court must "make an individualized assessment based on the facts presented," that is, the court must "apply the relevant § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328 (internal quotation marks and emphasis omitted). Thus, the district court "must state in open court the particular reasons supporting its chosen sentence" in order to permit proper appellate review. Id. (internal quotation marks omitted). In addition, "'[w]here the defendant . . . presents nonfrivolous reasons for imposing a different sentence' than that set forth in the advisory Guidelines, a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" Id. (quoting Rita v. United States, 551 U.S. 338, 357 (2007)).

A district court's statement of reasons "need not be elaborate or lengthy." Id. at 330. And, "a court need not 'robotically tick through § 3553(a)'s every subsection,' particularly when imposing a within-Guidelines sentence." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (quoting United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006)). However, a reviewing court likewise may not presume that, "when imposing a sentence, the district court has silently

3

adopted arguments presented by a party." <u>Carter</u>, 564 F.3d at 329.

In this case, after Ricketts pleaded guilty, a Pre-Sentence Report (PSR) was prepared. Pursuant to the PSR, Ricketts had an offense level of 21 and a criminal history category of V, yielding an advisory Guidelines range of 70 to 87 months imprisonment. Ricketts also faced a mandatory minimum sentence of 60 months' imprisonment. Prior to sentencing, Ricketts filed a sentencing memorandum, requesting that the district court apply a 1:1 crack cocaine to powder cocaine ratio in calculating his sentence and sentence him to the mandatory minimum of 60 months' imprisonment.

During sentencing, the Government recounted the findings of the PSR to the district court, and Ricketts agreed with the Guidelines calculation. Immediately after this recitation, the district court stated that it was "going along with that recommendation." The district court then sentenced Ricketts to 70 months' imprisonment. The district court stated that it had considered the U.S. Sentencing Guidelines Manual and the 18 U.S.C. § 3553(a) (2006) factors in reaching its sentence. Ricketts filed a timely appeal.

We agree with Ricketts that his sentence is procedurally unreasonable. Ricketts provided a "nonfrivolous" argument for a variance sentence — the crack cocaine to powder

4

cocaine ratio — and the district court did not address the argument, or even permit Ricketts to argue for a sentence outside the Guidelines range, although we have previously indicated that "the district court must allow both parties an opportunity to argue for whatever sentence they deem appropriate." United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008) (internal quotation marks omitted). While the district court did state that it was considering the § 3553(a) factors, it provided no further explanation for the sentence.

In Lynn, we remanded for resentencing after finding "no indication that the district court considered the defendant's nonfrivolous arguments prior to sentencing him," and the inadequacy of the district court's statement of reasons was illustrated by the fact that "the district court could have made precisely the same statements in support of another sentence." Lynn, 592 F.3d at 585 (internal quotation marks omitted). Likewise, there is no indication on the record that the district court considered Ricketts's arguments in favor of a below-Guidelines sentence, and the district court's statement of reasons show no individualized assessment of Ricketts's case.

The Government contends that, even assuming procedural error, the error was harmless. In Lynn, we held that, in cases involving procedural sentencing errors, "the party defending the ruling below (here, the Government) bears the burden of

5

demonstrating that the error was harmless, i.e. that it did not have a 'substantial and injurious effect or influence' on the result." Lynn, 592 F.3d at 585 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). As in Lynn, because the district court did not even consider Ricketts's arguments and provided no individualized assessment or statement of reasons, we "cannot say, with any fair assurance, that the district court's explicit consideration of [Ricketts's] arguments would not have affected the sentence imposed." Id.

For the foregoing reasons, while we affirm Ricketts's conviction, we vacate his sentence and remand for resentencing. We do not, of course, offer any view on the substantive reasonableness of the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

6